UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KRISTAL RANAE GAINES** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-23-647-AMG |
| ) | |
| **MARTIN O'MALLEY,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Kristal Ranae Gaines ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. (Doc. 1). The Commissioner has filed the Administrative Record ("AR") (Doc. 7), and the parties have fully briefed the issues (Docs. 15, 20, 21).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 10, 11). Based on the Court's review of the record and issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

1

I.  **Procedural History**

Plaintiff filed an application for DIB on October 6, 2020, alleging a disability onset date of December 1, 2019. (AR, at 293). The SSA denied the application initially and on reconsideration. (*Id.* at 174-77, 179-84). A telephonic administrative hearing was held on August 18, 2022. (*Id.* at 72-128). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id.* at 49-63). The Appeals Council subsequently denied Plaintiff's request for review. (*Id.* at 1-7). Thus, the ALJ's decision became the final decision of the Commissioner. *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

II.  **Administrative Decision**

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 1, 2019, the alleged onset date. (AR, at 51). At Step Two, the ALJ found Plaintiff had the following severe impairments: fibromyalgia, obesity, left Achilles tendinosis, right shoulder tendonitis, degenerative disc disease, hypertension, osteoarthritis, arthritis, hip bursitis, and lupus. (*Id.* at 52). At Step Three, the ALJ found Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.* at 54). The ALJ then determined Plaintiff had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a), except [Plaintiff] can lift and carry ten pounds; stand and/or walk for two of eight hours; and sit for six of eight hours. [Plaintiff] can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl but cannot climb ladders. She can frequently reach, handle, finger, and feel with the right upper extremity but cannot reach overhead or below the knees. [Plaintiff] cannot have concentrated exposure to temperature extremes, vibration or hazards.

2

(*Id.* at 56). Then, at Step Four, the ALJ found Plaintiff could perform her past relevant work as a claims supervisor and claims adjustor. (*Id.* at 60). The ALJ further found that "[i]n addition to past relevant work, there are other jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform, considering [Plaintiff's] age, education, work experience, transferable skills, and residual functional capacity" such as information clerk, receptionist, and appointment clerk. (*Id*. at 61-62). Thus, the ALJ found that Plaintiff had not been under a disability from December 1, 2019, the alleged onset date, through the date of the decision. (*Id.* at 63).

### III.   Claims Presented for Judicial Review

Plaintiff raises two issues on appeal. First, Plaintiff contends the ALJ erred in her evaluation of the medical opinion of Plaintiff's treating physician, Dr. Kumar. (Doc. 15, at 13-20). Second, Plaintiff asserts the ALJ erred by failing to consider Plaintiff's non-severe mental impairments when assessing the RFC. (*Id.* at 20-22). In response, the Commissioner asserts that substantial evidence supports the ALJ's evaluation of Dr. Kumar's opinion and of Plaintiff's mental impairments. (Doc. 20, at 10-15).

### IV.   The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see id.* §§ 404.1502(a), 404.1513(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC,")[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a).

the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if [he or she] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023) (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010); *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (defining substantial evidence as "more than a scintilla, but less than a preponderance"). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types

5

of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002). But "an agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli*, 84 F.4th at 905.

### V. The ALJ Failed To Adequately Consider Plaintiff's Non-Severe Mental Impairments in Formulating the RFC.

In addition to the physical impairments that the ALJ found severe, *see supra*, the ALJ also found that Plaintiff had the "medically determinable mental impairments of anxiety and depression." (AR at 52). The ALJ considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders, the "paragraph B criteria." (*Id*. at 52-54). She determined that Plaintiff has mild limitations in understanding, remembering or applying information; interacting with others; concentrating, persisting or maintaining pace; and in adapting or managing oneself. (*Id*.) The ALJ found that Plaintiff's mental impairments, "do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and [are] therefore non-severe." (*Id*. at 52; *see also id*. at 53-54). In making these Step Two findings, the ALJ considered the opinions of four medical providers and evaluated each opinion for persuasiveness. (*Id*. at 54).

Plaintiff argues that the ALJ failed to properly consider these non-severe mental

6

impairments in formulating the RFC. The Court agrees. In assessing a claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe. 20 C.F.R. § 404.1545(a)(2); Social Security Ruling 96-8p, 1996 WL 374184, at *4 (July 2, 1996). Additionally, the ALJ must "include a narrative discussion describing how the evidence supports each conclusion" as to the claimant's work-related limitations. *Id*. at *7. The ALJ must explain the basis for the limitations included in the RFC assessment with citations to "specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id*.

The SSA has specifically stated that the paragraph B criteria used at Step Two of the analysis to rate the severity of mental impairments are "not an RFC assessment," and that

> [t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form].

Social Security Ruling 96-8p, 1996 WL 374184, at *4. While the ALJ's opinion explicitly acknowledged this legal standard, (AR, at 54), her only further statement about Plaintiff's mental impairments was at the end of the Step Two analysis, that "[t]he following [RFC] assessment reflects the degree of limitation I have found in the 'paragraph B' mental function analysis." (*Id*.)

The RFC contained no mental limitations, (*see id*. at 56), and the ALJ's justification for the RFC made only one reference to Plaintiff's mental state or mental functioning, in her analysis of a medical opinion. The ALJ stated:

7

> I read and considered the opinions of Dr. Ana Kumar and Dr. Greg Govett. These medical professionals opined that [Plaintiff] **cannot perform even low stress work**, cannot stand and/or walk for even two hours, cannot use her upper extremities even occasionally for manipulation, and would miss more than four days a week. These opinions are not persuasive. These examiners did not offer objective evidence to support their opinions. These opinions are also not consistent with **[Plaintiff] generally demonstrating a normal mood and affect during examinations**. They are also not consistent with [Plaintiff] generally demonstrating unremarkable gait during other examinations.

(*Id*. at 60) (record citations omitted) (emphasis added). Although the ALJ stated that the "residual functional capacity assessment is supported by the objective physical, neurological, and **mental** findings, the claimant's activities of daily living, and the medical record and other evidence of record," (*id*.) (emphasis added), the ALJ made no link between these sparse statements and her decision not to include any mental limitations in the RFC. Moreover, in determining the RFC, the ALJ made no mention of Plaintiff's mild limitations in understanding, remembering or applying information; interacting with others; concentrating, persisting or maintaining pace; and in adapting or managing oneself. A mild limitation is not the same as no limitation. *See* 20 C.F.R. Part 404 Subpt. P, App'x 1 § 12.00F(2)(a)-(b) (defining "no limitation" as "[y]ou are able to function in this area independently, appropriately, effectively, and on a sustained basis," and "mild limitation" as "[y]our functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited"). And if the ALJ decided to omit any mental limitations from the RFC despite Plaintiff's mild limitations in these four areas, she should have explained why. She did not do so.

The Commissioner states that "[a]dmittedly the ALJ could have better articulated

her rationale," and that "[t]he ALJ, having already evaluated [ ] evidence [at Step Two] . . . elected not to repeat herself later in the decision." (Doc. 20, at 14). However, in *Wells v. Colvin*, 727 F.3d 1061 (10th Cir. 2013), the Tenth Circuit Court of Appeals explicitly condemned this type of short-cut analysis, stating:

> [A] conclusion that the [plaintiff's] mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a [plaintiff's] RFC and making conclusions at steps four and five. In his RFC assessment, the ALJ must consider the combined effect of *all* medically determinable impairments, whether severe or not.  Here, after stating his conclusion that [the plaintiff's] mental impairments were non-severe, the ALJ stated that "[t]hese findings do not result in further limitations in work-related functions in the [RFC] assessment below."  He then reiterated his conclusion that the mental impairments were non-severe.  The language used suggests that the ALJ may have relied on his step-two findings to conclude that [the plaintiff] had no limitation based on her mental impairments.  If so, this was inadequate under the regulations and the Commissioner's procedures.

*Id*. at 1068-69 (internal citations omitted).  Simply stated, "the Commissioner's procedures do not permit the ALJ to simply rely on his finding of non-severity as a substitute for a proper RFC analysis."  *Id*. at 1065.  Rather, "the ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence."  *Id*.

The ALJ in this matter did precisely what the Tenth Circuit condemned in *Wells* – she relied on her Step Two finding that Plaintiff's medically determinable mental impairments of anxiety and depression were non-severe as a substitute for a more specific RFC analysis.  Reversal of the Commissioner's decision and remand for further administrative proceedings is warranted for a reconsideration of the effect of Plaintiff's mental impairments in formulating the RFC and the subsequent analytical steps.  *See, e.g.,*

*Wycoff v. Kijakazi*, 2023 WL 6292806, at *4 (E.D. Okla. Sept. 27, 2023) ("Absent a discussion of how Claimant's non-severe [mental] impairments were accounted for in the RFC assessment, or an explanation why such impairments did not impose any functional limitations, the Court is unable to 'credit [the ALJ's] conclusion with substantial evidence.'") (quoting *Wells*, 727 F.3d at 1071); *Janet K. C. v. Kijakazi*, 2023 WL 3582540, at *4 (N.D. Okla. May 22, 2023) (same); *Beer v. Kijakazi*, No. CIV-20-351-AMG, 2021 WL 3824837, at *1 (W.D. Okla. Aug. 26, 2021).

Because this error alone requires remand, the Court need not address the other arguments raised by Plaintiff. *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **REVERSES** the decision of the Commissioner and **REMANDS** the matter for further proceedings.

**SO ORDERED** this 29th day of April, 2024.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE